AO 472 (Rev. 11/16; DC 1/19) Order of Detention

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| ) | Case No.   21-cr-52 (TJK)/(RMM) |
| Dominic Pezzola ) | |
| *Defendant* ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☒ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☒ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:
  ☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):
    ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**
    ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**
    ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**
    ☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**
    ☐ **(e)** any felony that is not otherwise a crime of violence but involves:
      **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**
  ☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**
  ☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**
  ☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☑ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☑ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☐ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis, with the evidence or argument presented by the defendant summarized in Part III.C.

☑ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted for the reasons summarized in Part III.

**OR**

☐ The defendant has not presented sufficient evidence to rebut the presumption. Moreover, after considering the presumption and the other factors discussed below, detention is warranted for the reasons summarized in Part III.

### Part III - Analysis and Statement of the Reasons for Detention

A. After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☑ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☐ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

B. In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☑ Weight of evidence against the defendant is strong
☑ Subject to lengthy period of incarceration if convicted
☐ Prior criminal history
☐ Participation in criminal activity while on probation, parole, or supervision

AO 472 (Rev. 11/16; DC 1/19) Order of Detention

- ❒ History of violence or use of weapons
- ❒ History of alcohol or substance abuse
- ❒ Lack of stable employment
- ❒ Lack of stable residence
- ❒ Lack of financially responsible sureties
- ❒ Lack of significant community or family ties to this district
- ❒ Significant family or other ties outside the United States
- ❒ Lack of legal status in the United States
- ❒ Subject to removal or deportation after serving any period of incarceration
- ❒ Prior failure to appear in court as ordered
- ❒ Prior attempt(s) to evade law enforcement
- ❒ Use of alias(es) or false documents
- ❒ Background information unknown or unverified
- ❒ Prior violations of probation, parole, or supervised release

## C. OTHER REASONS OR FURTHER EXPLANATION:

The defendant's evidence/arguments for release:

Mr. Pezzola, who was allegedly involved in the breach of the Capitol building on January 6, 2021, requested that he be released on his personal recognizance, or, alternatively, that he be placed into the High Intensity Supervision Program ("HISP") with GPS monitoring and in the third-party custody of his wife. He emphasized that detention is the exception, rather than the rule, and highlighted that he is 43 years old and has no prior criminal record, is a veteran, lives with his wife and children, and owns a business through which he employs a number of people. Mr. Pezzola argued further that he was not a leader during the events at the Capitol; and asserted that he is not accused of directing people to engage in illegal conduct. Further, he noted that while a cooperating witness informed the government that Mr. Pezzola was present when statements were made about harming people and returning to the Capitol with weapons, the witness did not say that Mr. Pezzola made those statements, nor should they be imputed to him because of his presence. In addition, he noted that while a thumb drive containing manuals for creating weapons and other such files was found in his house, no actual weapons or dangerous substances were. For these reasons, Mr. Pezzola averred that there is no basis to infer that he will engage in similar conduct if released. Mr. Pezzola also disputed the government's allegation that he poses a serious risk of flight. He highlighted that he voluntarily surrendered himself to police, essentially all of his ties are to his hometown, he did not significantly alter his appearance as argued by the government, and his wife would be an excellent third-party custodian because she was previously employed as a Pretrial Release Supervisor in New York.

Nature and circumstances of offense(s):

Mr. Pezzola's charges arise from his alleged conduct as part of a large group of individuals who stormed the U.S. Capitol on January 6, 2021 while lawmakers were attempting to certify the 2020 election results. Mr. Pezzola was allegedly at the front of the group of people at various stages of the approach to the Capitol building. The United States further proffered that Mr. Pezzola stole a riot shield from a Capitol Police Officer and used it to break a window of the Capitol building, thereby allowing himself and countless others to gain entry into the building. The indictment also charges him with conspiring with other individuals regarding the charged crimes. The government also proffered that Mr. Pezzola took a video of himself in the Capitol building while smoking and stating that he knew the rioters would overtake the Capitol if they tried hard enough. A cooperating witness told law enforcement that Mr. Pezzola was part of a discussion among a group of people after the breach, in which group members stated that they would have killed anyone they came across and expressed an intent to return to Washington, D.C. Mr. Pezzola is charged with felony offenses, in contrast to individuals who are solely facing misdemeanor charges for entering the restricted areas at the Capitol. Indeed, Congress wrote into the Bail Reform Act a presumption of detention that is triggered when someone is charged with the destruction of property offense charged in Mr. Pezzola's indictment. Therefore, this factor weighs in favor of pretrial detention.

The strength of the government's evidence:

There is overwhelming evidence to support the charges against Mr. Pezzola, therefore this factor also weighs in favor of pretrial detention. The government has produced numerous photographs of Mr. Pezzola both outside and inside the Capitol building on January 6, 2021, and there are videos depicting Mr. Pezzola engaging in nearly every act with which he is charged. In addition, the United States proffered that it has spoken to a witness who informed law enforcement that Mr. Pezzola was in a group of people discussing what they had done on January 6 and expressing a willingness to harm anyone they had come across; at the hearing, defense counsel emphasized that the United States' proffer did not indicate that Mr. Pezzola personally made those statements to the group.

AO 472 (Rev. 11/16; DC 1/19) Order of Detention

The defendant's history and characteristics, including criminal history:

Mr. Pezzola's history and characteristics weigh in favor of pretrial release.  He is 43 years old and has no prior criminal history.  He is also self-employed and a Marine Corps veteran.  In addition, Mr. Pezzola has strong family ties to his hometown--where he still resides--and lives with his wife and children.  Indeed, his history and characteristics favor release strongly enough to rebut the presumption of detention.

The defendant's dangerousness/risk of flight:

The danger posed by Mr. Pezzola's release is that he would engage in conduct similar to or worse than the charged offenses, specifically, attempting to thwart the democratic process by violent means or engaging in violence against government officials. Defense counsel denied any such intent, and portrayed the charged conduct as aberrational.  Nonetheless, the danger is sufficiently strong that this factor weighs in favor of pretrial detention.  The Court considered whether strict release conditions, such as GPS monitoring and home confinement, could mitigate the dangerousness, but ultimately concluded that no conditions or combination of conditions could reasonably assure the safety of the community. The following factual proffers persuaded the Court that release under strict conditions would unduly endanger the community: (1) Mr. Pezzola's alleged participation in a group discussion about plans to return to Washington D.C. with weapons, in which members asserted that they would have killed former Vice President Pence or any person they 'got their hands on'; (2) the fact that law enforcement found a thumb drive in Mr. Pezzola's house containing files that included instructions for making bombs, firearms, and poisons.  Although no materials for making bombs or poisons are alleged to have been recovered, and the group's alleged plans to return to D.C. have not come to fruition, the potential for future violent conduct in support of overturning the election of President Biden is too great to be adequately mitigated by any release conditions.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: 02/15/2021

United States Magistrate Judge