UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

      v.                         Crim No.:  1:21-cr-52 (TJK)

Dominic Pezzola

          Defendant.

**DEFENDANT'S MOTION FOR MODIFICATION OF
OF BOND TO PLACE THE DEFFENDANT
ON CONDITIONAL RELEASE PENDING TRIAL**

Defendant is requesting that the Court reconsider and modify the
Order of Magistrate Judge Merriweather that defendant should be detained
pending trial.  The Court is to review this matter *de novo.* Defendant
incorporates by reference all arguments made in his original Motion for
Bond Review (Doc. 15) without repeating those arguments here.   In the
instant motion defendant will address primarily and seek to rebut the basis
articulated in the prior detention memorandum in the instant case. (Doc.18)

As a preliminary matter the prior court found that although there is a
statutory presumption in favor of detention in the instant case based upon
the charge pursuant to 18 USC 3142 (e) (3), the defendant had
successfully rebutted that presumption.  Therefore, the presumption was
not applied in this case and defendant is not seeking reconsideration of that

finding.   Similarly, the prior court did not issue its detention decision based on defendant presenting any risk of flight.  Consequently, defendant is not requesting reconsideration of that finding.  Rather the court based its detention decision on potential danger defendant's release could present. Defendant will address those concerns.  Defendant notes that at the initial detention hearing, when issuing her ruling, the magistrate judge characterized this case as a "close call."  Noteworthy is that in Part III of the detention memorandum, Sec. B the court only checked off 2 of the preprinted boxes, "weight of the evidence" and potential "lengthy period  of incarceration if convicted."

In assessing the danger posed by defendant's release it must be noted that defendant is 43 years old and has no criminal record. He has never been convicted of a crime of violence nor has he ever been accused of one.  The defendant was in the Marines as a reservist for 6 years and was honorably discharged.  Notwithstanding whatever training the defendant has, there is no allegation he ever used those skills in an illegal or improper manner, nor that he used them in anyway other than his military service. Past is prologue; there is no better indication of defendant's law abided ness nor peaceful nature than that he has never acted in a violent manner in the 43 years he has been in community.

Similarly, although the defense concedes there is ample evidence supporting the prosecution's supposition that defendant was present and participated in the events at the Capitol on January 6, 2021, there is no evidence nor claim that he ever physically harmed any person there.  There are literally hundreds if not thousands of visual recordings of the activities at issue.  Alleged sightings of the defendant are numerous, recording many of his actions from multiple angles at different times of the event.  In none of them is there any indication that defendant ever struck or attempted to injure anyone.  Defendant is immediately recognizable. His face, distinctive hair and beard are recognizable in the recordings. The defense has not seen nor has the prosecution proffered there are any recordings where Pezzola injures anyone or is attempting to injure anyone.  There is no claim that defendant threatened anyone nor indicated a desire to hurt anyone.

In assessing the dangerousness presented by Pezzola's release it is useful to examine what is known about his activities in the underlying event.  Pezzola's alleged contact with the "Proud Boys" was minimal and short lived.  It is alleged he had no contact prior to late November 2020. Upon information and belief, the prosecution alleges his first contacts occurred around that time. They principally amounted to meeting for drinks in a bar.  Prior to January 6, 2020, there is no allegation that Pezzola took

3

any action with the "Proud Boys" that was in anyway criminal or violent.

His only event prior to January 6, 2021, was that he attended a MAGA rally

in support of Donald Trump in December 2020. There is no allegation he

was involved in any criminal or violent activity there. On January 6, 2021,

he gained instant infamy when he was photographed using a police shield

to break a window at the Capitol. That window was one of the numerous

doors and windows used by protesters to gain access into the Capitol.

Critically there is no indication that after gaining access Pezzola committed

or attempted to commit any act of violence.   While others may be seen

with flexicuffs or banging on doors, searching for victims, etc.  Pezzola is

just seen as one of the crowd walking through the building.  There is a

selfie video where he lights a "victory cigar" and mugs for the camera.  The

implication was he stopped for a cigar because he considered the objective

achieved, stopping the certification of the election pursuant to the

instructions of the then President.  There is no indication that he sought to

seek or harm anyone in the Capitol.

In determining that Pezzola's release presented "danger" to the

community the Court cited 2 factors from the prosecution's proffer: (1) the

claim that Pezzola participated in a group conversation when others

expressed an intention to return to DC with weapons to commit acts of

violence; (2) recovery of a thumb drive with plans for making, bombs, poisons, etc.

Addressing these in turn: There is a claim as the prosecution pointed out that a "cooperating witness" claimed that Pezzola was present in a group when someone professed an intention to return on January 20, 2021, Inauguration day to instigate more violence. However, there is no claim Pezzola made those statements nor that he expressed a similar intent[1] nor any intention to participate in any acts of violence, let alone murder. Although the defense cannot be certain it is believed the "cooperating witness" (CW) who has made these claims is actually someone who was a much more active participant in the "Proud Boys" than Pezzola, having been with the organization for a much longer time than Pezzola's alleged association and much more active.  Pezzola maintains no recollection of the referenced conversation but suspects if the conversation did occur in his presence it could have only occurred in the car on the return trip from Washington when Pezzola was asleep in the car. Upon information and belief, the CW is not detained.  Rather he has reached an agreement

---

[1] Of course January 20, 2021 has passed without further incident. There is no indication Pezzola ever made any attempt nor expressed an interest in participating in any other violent or even disruptive behavior.

where he is making allegations against others in order to avoid his detention for what is actually his greater involvement in the underlying events.  There is no indication that Pezzola has been anything other than a law-abiding citizen since January 6, 2021, same as he was for years before.

The defense does not contest that the alleged thumb drive was recovered in Pezzola's family home. As noted in the prior bond pleading Pezzola maintains that he never opened the referenced thumb drive.  The prosecution has not introduced anything to contradict that claim.[2] As noted in the prior proceedings[3], the bulk of the material on the thumb drive is a download from the "Anarchist Handbook," a commercial publication[4] that has been around in various editions since the 1970s.  What was unknown at the time of the prior hearing is that the thumb drive at issue was given to

---

[2] As noted previously, Pezzola's family has opined that he is so lacking in computer skills that he would be incapable of opening a thumb drive without assistance.

[3] The prosecution does not contest this fact.

[4] As noted in the prior bond review pleading, undersigned counsel "googled" The Anarchist Handbook; it is readily available in public libraries and commercial vendors.  Undersigned counsel clicked on a link which opened one of the editions.  It was likely inadvertently downloaded by counsel and exists somewhere in his computer.  Respectfully, its presence there is no indication that counsel plans to access it nor utilize the contents.

Pezzola, probably by the Prosecution's CW[5] when that person was making efforts to introduce Pezzola into the "Proud Boys."  Significantly, there is no indication that defendant ever attempted to use the contents of the thumb drive. There was a thorough search of defendant's home. No weapons were recovered nor any materials indicating defendant had done anything to prepare to make weapons, bombs, poisons, etc..  Nothing indicates defendant ever had any plan nor inclination to engage in any action that was intended to harm anyone nor violence of any sort.

The Prior Court Opined that "the danger posed by Mr. Pezzola's release is that he would engage in conduct similar to or worse than the charged offenses, specifically attempting to thwart the democratic process by violent means…."  The Court's apprehension is understandable given the tragic fear of lawlessness surrounding the events at the Capitol on January 6.  However, it is clear Pezzola's involvement in this event was an aberration in an otherwise exemplary life of a law abiding citizen who served his country honorably in military service, earned his living through honest labor, supported his family and raised his children.  Pezzola feels

---

[5] Although it is impossible to know with certainty at this point, if the defense supposition about the CW is correct, that person admitted to spraying law enforcement with a chemical agent, likely "OC or Pepper" spray during the January 6 event.

great remorse and regret for his involvement in the underlying event. At the time he was motivated by honorable intentions, believing he was protecting his country from a "stolen election" by corrupt powers.  Since his arrest, having time to reflect and see how things have revealed themselves, he now realizes he was duped into these mistaken beliefs.   As a result of his actions, he has left his wife, children and employees in a precarious and likely disastrous position.  He is consumed with guilt for having done so. As noted previously he owns and manages a small floor installation business with a few employees who are now out of work because of his incarceration.  His wife ceased working temporarily to return to school and pursue a Masters Degree in Social Work.  Pezzola is the sole source of financial support for the family which consists of his wife and two children. His inability to support the family while incarcerated has placed them all in desperate financial straits.  Pezzola regrets his decision to participate in the events of January 6. He disavows and seeks to sever any relationship and involvement in future activities of the Proud Boys or any similar groups.  He simply wishes to be released under reasonable conditions so he can return to work, support his family and return to being a law-abiding citizen.  He recognizes that he will at some point have to suffer some punishment for

his actions, notwithstanding that they were undertaken with honorable but misguided intentions.[6,7]

**WHEREFORE** for the foregoing reasons, and any others which may appear at a full hearing on this matter, and any others this Court deems just and proper, defendant through counsel, respectfully requests that he be released on personal recognizance.  If that request is denied defendant requests as an alternative that he be released on Third Party Custody and placed into the High Intensive Supervision Program of the Pretrial Services Agency conditioned on reasonable conditions including but not limited to work release and curfew.

Respectfully submitted,

_____/s/_____
Jonathan Zucker # 384629
37 Florida Av. NE
Suite 200
Washington, DC  20002
(202) 624-0784
jonathanzuckerlaw@gmail.com
Counsel for Dominic Pezzola

---

[6] Although the Court can play no role in disposition negotiations, via counsel Pezzola has indicated his desire to begin disposition negotiations and acceptance of responsibility for his actions. He seeks to make amends.

[7] Attached to this motion is a letter of support from Pezzola's friend and colleague, Jason Prince.

## CERTIFICATE OF SERVICE

I certify that on February 18, 2021, I caused a copy of the foregoing Memorandum to be filed with the Clerk using the CM/ECF System which will send notification of this filing to all parties.

Courtesy copies were sent by email to the assigned AUSAs.

_____/s/_____
Jonathan Zucker