UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CASE NO. 21-cr-52-1 (TJK) |
| v. : | |
| : | |
| DOMINIC PEZZOLA, : | |
| : | |
| : | |
| Defendant. : | |

## STATUS UPDATE

The United States of America, by and through its attorney the Acting United States Attorney for the District of Columbia, hereby provides this joint status update to the Court.

At a status conference on October 27, 2021, this Court granted the government's motion to exclude time pursuant to the Speedy Trial Act, and it set the matter for further status on January 11, 2022. It also directed the government to file, by December 3, 2021, a status update regarding efforts to provide the defendant access to discovery at the D.C. Department of Corrections (DOC).

On November 5, 2021, the government filed a status update regarding discovery, which addressed, among other things, efforts that the government is making (in conjunction with DOC and the Federal Public Defender for the District of Columbia (FPD)) to provide inmates detained at DOC with access to electronic and voluminous discovery materials. *See* ECF No. 94. For the Court's convenience, we provide a summary of that update as it pertains to access to discovery by incarcerated defendants below:

- DOC has recently received 15 additional laptops to support its discovery program, bringing the total number available to 23.

1

- Inmates are permitted to possess a discovery laptop for no more than two weeks at a time to review discovery.
- The government continues to work with DOC and FPD to facilitate access to global discovery productions by inmates at DOC.

As of November 29, 2021, there are 15 defendants on the waitlist for a laptop. Each of these defendants should receive a laptop within two weeks. Because the wait is only two weeks for discovery review, the government has encouraged all defense counsel to get their discovery to DOC as soon as possible to get their clients on the list for discovery review. Since the last status hearing in this case, undersigned counsel has been in contact with Steven Metcalf II and Martin Tankleff, Esqs., who represent the defendant, regarding the defendant's access to discovery at CTF. Undersigned counsel has informed defense counsel that they should try to get discovery materials to DOC as soon as possible so that Mr. Pezzola can get on the list. Counsel has also informed Messrs. Metcalf and Tankleff that the government cannot try to alter the order of the list, as it would not be a workable solution, nor would it be fair to the defendants in line for discovery review.

As of November 29, 2021, Mr. Pezzola was not on the list for discovery review at DOC. Undersigned counsel has reached out to Messrs. Metcalf and Tankleff to attempt to ascertain whether they have provided discovery to DOC for Mr. Pezzola's review, and as of filing, undersigned counsel has not been able to ascertain that information.

                                        Respectfully submitted,

                                        MATTHEW M. GRAVES
                                        United States Attorney
                                        D.C. Bar No. 481052

By:     /s/ *Erik M. Kenerson*
            Erik M. Kenerson
            Assistant United States Attorney
            Ohio Bar No. 82960
            555 4th Street, N.W., Room 11-909
            Washington, D.C. 20530
            202-252-7201
            Erik.Kenerson@usdoj.gov